Nott, J.
I am of opinion that the verdict ought not to be set aside. The. commissioners have clearly mistaken their powers. *409 They are authorized to admit persons to the benefit of the prison bounds act, but they have nothing to do with the insolvent debtor’s act. This motion, therefore, must be discharged.
Bay, Smith, Guimke, and Colcock, Js., concurred.
Brevakd, J.
Under the-act of assembly of 1788,1 think com-missi'oners of special bail, or one commissioner, may order an assignment of an insolvent debtor’s estate, or any part thereof; and that such assignment, if properly made, is sufficient to convey real estate. In the present case, however, it appears the act was not duly conformed to. There seems to be great informality, and want of certainty.in the proceedings. It' does not clearly appear by what authority, or in what character, the three persons acted, who style themselves “commissioners.” The assighment is not under seal. The word “ assignment,” must be taken in a legal and technical sense, to mean a deed or grant. The assignment does not pursue the directions of the act. It is “ for the mutual benefit, of all. the creditors whereas, the act directs it “ to be made to the plaintiff", subject to all prior incumbrances.”
. 1 am of opinion that the District Court acted correctly, in rejecting the writing offered as an assignment; and that the motion for a new trial ought to be refused.